S. AMANDA MARSHALL, OSB # 953473
United States Attorney
District of Oregon
**JANICE E. HEBERT**
janice.hebert@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1011
Facsimile: (503) 727-1117
          Attorneys for the Secretary
          of the Department of Veterans Affairs
          and the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **SUSAN PETERSON,**<br>       **Plaintiff,** | Case No.:1:11-CV-03120-CL |
| **v.** | |
| **ERIC SHINSEKI, SECRETARY,<br>VETERANS AFFAIRS, and the<br>UNITED STATES**<br>       **Defendant.** | **DECLARATION OF KEITH A. WELSH** |

I, Keith A. Welsh, LCSW, Chief of the Business Office Service, United States

Department of Veterans Affairs ("VA"), Southern Oregon Rehabilitation Center and Clinics

("SORCC"), White City, Oregon, hereby make the following declaration under penalty of

perjury pursuant to 28 U.S.C. § 1746.

1.     I have been employed by the VA since October, 2007.

**Page 1 –**     **Declaration of Keith A. Welsh**
              *Peterson v. Shinseki,* 1:11-CV-03120-CL

2.     During the time period of July, 2008 through March 2009, I was assigned as the Chief of the Medical Administration Service ("MAS") at the SORCC.

3.     As the MAS Chief during that time period I was responsible for approximately fifty employees assigned to various sub-entities within the MAS.

4.     I was personally present during the incident involving Susan Peterson on October 23, 2008, along with Peterson's direct supervisor and an officer from the VA Police Department.

5.     The supervisor and I were passive witnesses to this incident and did not direct the employee to, or not to, do anything.

6.     I witnessed the VAPD officer ask Peterson if she had ingested any substances or if she was under the influence of any substances.

7.     Peterson demanded to "take a drug test" and the officer said that this would be appropriate.

8.     At no time was Peterson advised that she could not leave or was otherwise held against her will.

9.     Peterson's claim of Post-Traumatic Stress Disorder caused by management "trapping me in my office and holding me without explanation," as claimed in her worker's compensation application, are not supportable by the events that I witnessed.

10.    Peterson was never trapped, held or otherwise detained, nor was she forced to do anything she did not freely volunteer to do.

11.    Diagnostic criteria for PTSD requires exposure to a traumatic event in which the person experienced, witnessed, or was confronted with, an event that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others.

12. Having witnessed the October 23, 2008 Peterson incident, I can affirm that no such trauma was involved and I do not believe any such trauma could reasonably have been perceived.

Executed this 14th day of August, 2012, at White City, Oregon.

KEITH A. WELSH