IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN PETERSON,

        Plaintiff,                1:11-cv-3120-CL

       v.                        **ORDER**

ERIK SHINSEKI, SECRETARY,
VETERANS AFFAIRS, and the
UNITED STATES,

        Defendants.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and

Recommendation [#37], and the matter is now before this court.

See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). The United

States filed objections to the report. Accordingly, I have

reviewed the file of this case *de novo*. See 28 U.S.C. §

636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach.,

Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

1 - OPINION AND ORDER

Page eight of the Report states the Federal Tort Claims Act's (FTCA) waiver of sovereign immunity applies to Kindsvater's actions. Under the FTCA, sovereign immunity is waived to claims of false imprisonment only "with regard to acts or omissions of investigative or law enforcement officers of the United States Government[.]" 28 U.S.C. § 2680(h). It is undisputed that Kindsvater is not an investigative or law enforcement officer. Therefore, any claims arising from Kinsvater's actions are barred. See Orsay v. United States Dep't of Justice, 289 F.3d 1125, 1133 (9th Cir. 2002)(any waiver of sovereign immunity "must be unequivocally expressed in statutory test" and any ambiguities are construed in favor of immunity). Of course any claims based on Petery's own actions are not barred, as Petery is a law enforcement officer under the FTCA.

Other than the exception noted above, Magistrate Judge Clarke's Report and Recommendation [#37] is adopted. The United States's motion [#19] for summary judgment is DENIED. The motion to dismiss claims against non law enforcement personnel is GRANTED.

IT IS SO ORDERED.


DATED this _2/_ day of February, 2013.


OWEN M. PANNER
U.S. DISTRICT JUDGE


2 - ORDER